## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JOHN L. HOLLAND                              :
                                             :
        v.                                   :        Civil Action No. CCB-04-437
                                             :
PSYCHOLOGICAL ASSESSMENT                     :
RESOURCES, INC.,                             :
                                 ...o0o...

### MEMORANDUM

Now pending before the court is a motion for leave to file an amended complaint,

submitted by the plaintiff, John L. Holland, Ph.D.  The issues in this motion have been fully

briefed and no hearing is necessary.  Local Rule 105.6.  For the reasons stated below, the motion

for leave to file an amended complaint will be granted in part and denied in part.

### BACKGROUND

John L. Holland, Ph.D. ("Dr. Holland") authored The Self-Directed Search, A Guide to

Educational and Vocational Planning (the "SDS"), a leading career guide that has been used by

over twenty million people and translated into twenty-five languages.  (Compl. at ¶ 6.)  Though

the SDS was initially published by Consulting Psychologists Press in 1971, Dr. Holland entered

a publishing agreement with Psychological Assessment Resources, Inc. ("PAR") in 1986 and

again in 1989 ("the 1989 agreement").  (Id. at ¶¶ 8-10.)  Under the 1989 agreement, the publisher

will only publish a revised edition of the original work "as determined by mutual agreement

between the Author and Publisher."  (Pl.'s Mot. for Leave to Amend, Ex. 2, 1989 Agreement,

Section II, paragraph 1.)  Dr. Holland alleges that between 1997 and 1998, PAR created an

internet version of the SDS and published it in September 1998 without Dr. Holland's approval.

(Compl. at ¶ 16.)  In April 1998, Dr. Holland requested that PAR adhere to its contractual

responsibilities, making particular reference to an internet version of the SDS.  (Id. at ¶ 18.)

Despite this request and further contact in October 1998 informing PAR that Dr. Holland

maintained that PAR had breached the 1989 agreement, PAR continued to publish its internet

version of the SDS.  (Id. at ¶ 19.)

On or about January 20, 1999, Dr. Holland filed his initial complaint in this case in the

Circuit Court for Baltimore City.  PAR removed the case to this court pursuant to 28 U.S.C. §

1332(a)(1) and 28 U.S.C. § 1441(a).  This court remanded the case to the Circuit Court for

Baltimore City because the defendant had not established that more than $75,000 was in

controversy.  The Circuit Court for Baltimore City entered summary judgment in favor of PAR

on two separate occasions.  After the second grant of summary judgment, Dr. Holland appealed

to the Court of Special Appeals and that court reversed and remanded the case to the Circuit

Court for Baltimore City on January 23, 2003.  On February 2, 2004, after more than a year had

passed, Dr. Holland amended his complaint to add claims, including an alleged violation of the

Lanham Act, 15 U.S.C. § 1125, and to claim damages of $1,000,000 plus interest.  Because of

the newly pled federal claim, PAR removed the case to this court.

In his current complaint, Dr. Holland alleges numerous revisions.  He notes that the

internet version of the SDS consists of three booklets, as does the printed version, but the

internet format omits much of the material in those booklets.  (Id. at ¶ 22.)  One of the alleged

revisions which most troubles Dr. Holland is the deletion of the Vocational Aspirations or

Occupational Daydreams section, a part he finds particularly valuable.  (Id. at ¶ 23.)

The webpage for the internet version of the SDS states "[w]elcome to the Self-Directed

Search by Dr. John L. Holland" and that the SDS "was developed by John Holland, whose

theory of careers is the basis for most of the career inventories used today."  (See

http://www.self-directed-search.com/aboutsds.html (last visited Aug. 11, 2005)).  The webpage

provides a link to a page entitled "Dr. John Holland," which contains biographical information

about Dr. Holland.  (Id.)

The parties spent ten months negotiating settlement.  After those discussions failed, Dr.

Holland moved to amend his complaint to add four new counts.

ANALYSIS

Although the decision whether to grant leave rests within the sound discretion of the

district court, leave to amend under Fed.R.Civ.P.15(a) "shall be freely given when justice so

requires."  Medigen of Kentucky, Inc. v. Public Service Com'n of West Virginia, 985 F.2d 164,

167 (4th Cir. 1993).  Thus, motions to amend are generally granted "in the absence of an

improper motive, such as undue delay, bad faith, or repeated failure to cure a deficiency by

amendments previously allowed."  Harless v. CSX Hotels, Inc., 389 F.3d 444, 447 (4th Cir.

2004).   If an amendment will cause undue prejudice to the opposing party or is futile, however,

the motion to amend will not be granted.  See Ward Electronics Service, Inc. v. First

Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987)(citing Foman v. Davis, 371 U.S. 178, 182

(1962)).

Dr. Holland moves to add four additional counts.  In his proposed Count VII for unjust

enrichment, Dr. Holland alleges that PAR reported total proceeds of $1,362,313 from sales of the

unapproved internet version of the SDS as of December 31, 2004.  For that time period, PAR

paid $176,492 in royalties to Dr. Holland.  Therefore, Dr. Holland alleges, PAR was unjustly

enriched in the amount of $1,185, 821.  He seeks to recover that amount and any additional

amounts received by PAR in the year 2005.  As this new count is an alternative theory of

recovery based on the same facts Dr. Holland alleged previously in his breach of contract claim,

the court will grant his request to amend to add this count to his complaint.

Likewise, the court will permit Dr. Holland to add proposed count VIII to his complaint.

In count I of the present complaint, Dr. Holland requests a declaratory judgment in his favor,

indicating that PAR breached the 1989 agreement by publishing the SDS without Dr. Holland's

prior approval.  Even if the court adopts one or more of the affirmative defenses raised by PAR

in its answer to the complaint, however, Dr. Holland asks the court in proposed count VIII to

issue a declaratory judgment protecting his rights under the 1989 agreement with respect to

future internet versions.  This proposed count appears to be based on the same facts and legal

theories Dr. Holland alleged previously and will be permitted.

Leave to amend will be denied, however, for the other two proposed counts.  Like

proposed count VIII, proposed count IX seeks declaratory judgment.  In it, Dr. Holland asks the

court to declare that PAR is not permitted to reduce his 20% royalty unless Dr. Holland is

"unable to perform his usual duties," that PAR still may not do that until it has actually

"attract[ed] and retain[ed]" a co-author to participate in the revision of the work, and that PAR

may only reduce Dr. Holland's 20% royalty by an amount that is in direct proportion to the co-

author's contribution and by no more than 5% regardless.   As argued in the defendant's

opposition brief, this count is not based on the same facts and information as the current

complaint but is rather based on information alleged to have been shared during settlement

negotiations.  Thus, it could extend the scope of discovery generally and may even require a

probe into what should be confidential settlement discussions involving counsel.  Moreover, this

case has had a protracted history. Adding this count, which anticipates events that have not occurred, could delay it further and increase the cost of litigation.

Finally, Dr. Holland alleges in proposed count X that he and PAR had a separate letter agreement that allocated 8% of the royalty on sales of the College Majors Finder portion of the SDS to him and 4% to each of other three authors.[1] Dr. Holland claims that PAR has only been paying him a royalty of 8% of 20% (1.60%) on sales of the internet version of the Educational Opportunity Finder ("EOF") and therefore owes him approximately $25,000. He also maintains that PAR has not properly paid the other three authors their royalties. Dr. Holland asks the court to require PAR to provide an accounting of the payments made to him and the other authors and to require PAR to pay any royalty amounts due and not paid to him or the other authors. Once again, the type of relief Dr. Holland seeks in this count is different from that which is sought in the current complaint. Adding this count also complicates the case as it would likely require additional discovery concerning the three other authors involved. Accordingly, leave to amend will be denied.

For all the reasons stated above, plaintiff's motion for leave to amend will be granted in part and denied in part. A separate order follows.


___August 26, 2005___                                          _____/s/_____
Date                                                                            Catherine C. Blake
                                                                                United States District Judge

_____

[1]The name of the College Majors Finder was later changed to the Educational Opportunity Finder.